**Jacobs v. Brooks**

*Francis Massco,* of *Bowser & Massco,* for defendants.

*George A. Kotjarapoglus,* of *Cassidy & Lamproplos,* and *John M. Noel,* for additional defendants.

COFFROTH, P. J., December 26, 1972.—In joining the additional defendants by complaint, defendants failed to have served with the complaint copies of all pleadings theretofore filed in the action, as required by Pa. R.C.P. 2254(b). The additional defendants, therefore, filed preliminary objections, which we now must dispose of.

It is conceded that the required papers were not served and that the rule was violated. The issue is the proper form of relief to be granted. The preliminary objections as filed do not state what relief is asked, but, at the argument, the additional defendants asked us to regard the requirement that all other pleadings be served with the complaint as mandatory and, therefore, not remediable and to strike off the complaint under Pa. R.C.P. 1017(b)(2). To so hold would vitiate the joinder and require defendants to bring a separate action against the additional defendants or to begin joinder proceedings anew in this action in which the 60-day period for joinder has already passed. It was also conceded by counsel that nothing would be gained by forcing new joinder proceedings if the court is prepared to extend or waive the 60-day period.

We have several times held in this court that Pa. R.C.P. 126 mandates a liberal construction of the rules, and that the 60-day joinder limitation will always be waived unless to do so would prejudice a party: Lewandowski v. General Telephone, 29 Somer-

set 83 (1971); Barkman v. Washington Mutual (No. 2), 29 Somerset 93 (1971). There is no suggestion of prejudice here to either plaintiffs or defendants, and counsel for plaintiffs make no objection to whichever procedure the court might adopt. Judicial economy requires that we allow the procedural defect here existing to be cured.

Regardless, however, of our attitude upon the 60-day joinder rule, we cannot strike this joinder without giving defendants an opportunity to cure the procedural error, because the requirement violated is not mandatory but is directory only, as Goodrich-Amram clearly states in section 2254(b)(3).

Dye v. McShea, 52 D. & C. 2d 29 (1971), relied on by counsel for defendants, is inapposite. That case involves a motion for non pros for failure of a defendant to comply with a rule issued by additional defendant to file a complaint within 20 days, where joinder was by timely writ.

Our proper action is to strike the complaint against the additional defendants under Rule 1017(b)(2), but only after defendants have had a reasonable opportunity to remedy the defect. Goodrich-Amram, section 2254(b)(3).

## ORDER

Now, December 26, 1972, the preliminary objections are sustained. Defendants are allowed ten days to serve upon the additional defendants copies of all pleadings filed in the action previous to the complaint against additional defendants. The additional defendants are allowed 30 days from this date to plead to the complaint. Upon failure of defendants to serve copies of prior pleadings within the ten-day period above stated, the complaint of defendants against additional defendants will be stricken on application.